FILED

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

2008 NOV 20 P 3: 17

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

WILLIAM RAYMOND MILLER II
   a/k/a Ray Miller

CASE NO.   3:08-cr-411-J-34HTS
Ct. 1:     18 U.S.C. § 1343 &
          18 U.S.C. § 2
Ct. 2:     18 U.S.C. § 1341 &
          18 U.S.C. § 2
Forfeiture: 18 U.S.C. § 981(a)(1)(C)
          and  28 U.S.C. § 2461(c)

## INFORMATION

The United States Attorney charges:

## COUNT ONE

### A. Introduction

At all times material to this Information:

    1.    Surety Bonds are three party bonding agreements in construction projects where the "surety company" (the insurer) assures the "obligee" (typically the project owner) that the "principal" (typically the contractor) will perform a construction contract.

    2.    Surety bonds are executed by agents or attorneys-in-fact authorized to bind the surety.  The attorney-in-fact's authority is established by a Power of Attorney from the surety company, and a copy of the Power of Attorney is attached to the bond.

    3.    Treasury Listed Sureties are surety companies that have been examined by the Bureau of Financial Services of the United States Department of the

Treasury. The Bureau of Financial Services examines financial data and other information furnished by the surety company to determine if the company is financially sound and capable of writing surety bonds for construction projects involving the United States government. The "Treasury List" or "T-List" of companies meeting the requirements of the Bureau of Financial Services is published by the United States Department of the Treasury on July 1st of each year in Treasury Circular 507 of the Federal Register.

4.     The United States Government requires sureties on government construction projects to be on the "Treasury List".

5.     Many state and local governments, and subdivisions thereof, also require sureties on their construction projects to be on the "Treasury List."

6.     Surety bonds on which the obligee is not a federal entity are governed by state law, and the states regulate surety as a type of insurance.

7.     Fidelity National Property and Casualty Insurance Company, a division of Fidelity National Financial, Inc., is a Treasury Listed surety company with corporate headquarters located in Jacksonville, Middle District of Florida.

8.     American Re-Insurance Company, Berkley Regional Insurance Company and Endurance Reinsurance Corporation of America are also Treasury Listed surety companies.

9.     WILLIAM RAY MILLER II, a/k/a RAY MILLER, the defendant herein, is a citizen of the state of Maryland engaged in the business of writing and issuing surety bonds.

10.     First Florida Captive Holdings Corporation and AMS Capital Holdings Corporation were corporations founded and controlled by WILLIAM RAY MILLER II for the purpose of issuing surety bonds.

11.     WILLIAM RAY MILLER II, a/k/a RAY MILLER, through either First Florida Captive Holdings Corporation or AMS Capital Holdings Corporation, also did business as "Fidelity National", "AMS Surety Holdings", "AMS Surety", "American Management Systems", "AMS Investment Corporation" and "Upper Hudson National Insurance Company."

### B.  THE SCHEME TO DEFRAUD

12.     Beginning in or about March 2005, and continuing to in or about April 9, 2008, in the Middle District of Florida and elsewhere,

WILLIAM RAY MILLER II,
a/k/a RAY MILLER,

the defendant herein, did knowingly and willfully devise and intend to devise a scheme and artifice to defraud entities of the United States government, state and local governments and entities thereunder, private businesses, corporations and individuals as obligees on surety bonds and to defraud and obtain money from private businesses, corporations and individuals as principals on surety bonds by means of false and fraudulent pretenses, representations and promises, knowing that such false and fraudulent pretenses, representations and promises were false and fraudulent when made, the substance of such scheme and artifice to defraud is set forth more fully below:

3

## C. **MANNER AND MEANS OF THE SCHEME TO DEFRAUD**

13.    It was part of the scheme and artifice to defraud that the defendant would and did establish First Florida Captive Holdings Corporation, a corporation incorporated in the state of Florida, for the purpose of issuing surety bonds.

14.    It was further part of the scheme and artifice to defraud that the defendant would and did create a virtual office, which consisted of a mail drop and answering service for First Florida Captive Holdings Corporation in Orlando, Florida.

15.    It was further part of the scheme and artifice to defraud that the defendant would and did establish or create other entities in addition to First Florida Captive Holdings Corporation including AMS Capital Holdings, AMS Surety Holdings, AMS Surety and American Management Systems, all for the purpose of writing and issuing surety bonds.

16.    It was further part of the scheme and artifice to defraud that the defendant did not seek or obtain regulatory permission of the Florida Department of Financial Services or a regulatory agency or commission of any state to issue surety bonds or act as an insurer through any of the entities over which the defendant had control.

17.    It was further part of the scheme and artifice to defraud that the defendant would and did, through the various entities named herein, hold himself out to obligees as having the ability to issue surety bonds for principals on construction projects.

18.    It was further part of the scheme and artifice to defraud that the defendant, through the various entities named herein, would and did use the names of

4

legitimate, authorized insurers, including Fidelity National Property and Casualty *Insurance*

Company, American Re-Insurance, Berkley Regional Insurance Company, Endurance

Reinsurance and Upper Hudson Insurance Company or names very similar to

legitimate, authorized insurers, including Fidelity National, Fidelity National Group,

Fidelity National Financial, to induce obligees to accept the surety bonds written by the

defendant.

19.     It was further part of the scheme and artifice to defraud that the

defendant would and did use aliases, including "J. Thomas Maglio" to sign as "Attorney-

in-Fact" on surety bonds issued in the names of legitimate, authorized insurers or

names very similar to legitimate, authorized insurers.

20.     It was further part of the scheme and artifice to defraud that the

defendant would and did prepare facsimiles purportedly written by "Jack Lowe" on

letterhead bearing the symbol of Fidelity National Finance to induce individuals into

believing there was an agreement between Fidelity National Property and Casualty

*Company*

Insurance and the defendant doing business as First Florida Financial Holdings

Corporation to issue surety bonds in the name of Fidelity National Property and

Casualty Insurance Company.

21.     It was further part of the scheme and artifice to defraud that the

defendant would and did use the "Jack Lowe" facsimiles in an attempt to lull corporate

officers of Fidelity National Property and Casualty Insurance Company into believing

that the defendant had been the victim of a fraud perpetrated by "Jack Lowe".

22.     It was further part of the scheme and artifice to defraud that the

defendant, through the various entities identified herein, would and did execute over

5

four hundred surety bonds for an aggregate amount in excess of $530 million dollars, which generated over $22.5  million dollars in premiums for the defendant.

### D.  THE WIRE COMMUNICATION

On or about December 13, 2006, in Duval County, Middle District of Florida, and elsewhere,

WILLIAM RAYMOND MILLER II,
a/k/a RAY MILLER,

the defendant herein, for the purpose of executing the aforementioned scheme and artifice to defraud and for obtaining money and property by means of false pretenses, representations, and promises, did unlawfully, knowingly and willfully cause to be transmitted by means of wire communication in interstate commerce, the following wire communication:

A telephone call from C. Allan Reeve to Mark Davey, President and Chief Executive Officer of Fidelity National Property and Casualty Insurance Company, where Reeve represented that the defendant would pay the claims related to the surety bonds issued by the defendant for Precision Infrastructure to the Federal Aviation Administration in Montana, and that Fidelity National Property and Casualty Insurance Company would have no liability or involvement in the matter.

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT TWO
### (THE MAILING)

1.      The United States Attorney re-alleges paragraphs 1 through 22 in Count One of the Information and incorporates them herein by reference.

2.      On or about March 1, 2007, in Live Oak, Suwannee County, Middle District of Florida,

### WILLIAM RAYMOND MILLER II,
### a/k/a RAY MILLER,

the defendant herein, for the purpose of executing the aforementioned scheme and artifice to defraud and for obtaining money and property by means of false pretenses, representations, and promises, did unlawfully, knowingly and willfully cause to be delivered by FedEx, a private and commercial carrier, according to the directions thereon, the following things and matters:

A "General Agreement of Indemnity for Clewiston Builders, Inc., DBA CDH Repairs and Maintenance" in support for a surety bond issued in the name of "Fidelity National P&C Insurance Group" from American Management Systems, 10440 Patuxent Parkway, Ste. 900, Columbia, Maryland 21044, to Donald Bullock, 406 South Ohio Avenue, Live Oak, Florida 32064.

All in violation of Title 18, United States Code, Sections 1341 and 2.

### FORFEITURES

1.      The allegations contained in Count One and Count Two of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

7

2.     From his engagement in the violations alleged in Count One and Count

Two of this Information, punishable by imprisonment for more than one year, the

defendant,

WILLIAM RAYMOND MILLER II,
aka RAY MILLER,

shall forfeit to the United States of America, pursuant to Title 18, United States Code,

Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all of his

interest in any property constituting or derived from proceeds obtained directly or

indirectly as a result of the said violations, including but not limited to the following:

a.   A sum of money equal to $22.5 million in United States currency,
     representing the amount of proceeds obtained as a result of the
     offense in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 1343;

b.   All that lot or parcel of land, together with its buildings,
     appurtenances, improvements, fixtures, attachments and
     easements, located at 6917 Timber Creek Court, Clarksville,
     Maryland, in the names of Bonnie Lyn Pauza and Ray Miller, as
     Tenants By The Entirety, more particularly described as:

     BEING KNOWN AND DESIGNATED as Lot Number 154 as shown
     on the plat entitled "Village of Cedar Ridge", which Plat is recorded
     among the Plat records of Howard County, Maryland as Plat
     Number 13500, Asset ID No. 08-FBI-002708;

c.   All that lot or parcel of land, together with its buildings,
     appurtenances, improvements, fixtures, attachments and
     easements, located at 10811 Front Beach Road, Panama City
     Beach, Florida, in the name of Evadere, LLC, more particularly
     described as:

     Unit 1609 of Majestic Beach Tower II, a Condominium according to
     the Declaration of Condominium thereof, recorded in Official
     Records Book 2743, Page 949, of the Public Records of Bay
     County, Florida, together with its undivided share in the common
     elements, Asset ID No. 08-FBI-002707;

d.   The interest of William Ray Miller in the River Hill Sports Grille, f/k/a

8

The Luna C. Grille, located at 6040 Daybreak Circle, Clarksville, Maryland, Asset ID No. 08-FBI-002710;

e.      A 2008 Ford F-350 Pick-up Truck, VIN: 1FTWW31R18EA89454, registered in the name of William Ray Miller, II, Asset ID No. 08-FBI-002449;

f.      A 2007 Honda Accord, VIN: 1HGCM56327A188946, registered in the name of William Ray Miller, II, Asset ID No. 08-FBI-002450;

g.      A 2007 Lexus LS460L, VIN: JTHGL46F175016924, registered in the name of William Ray Miller, II, Asset ID No. 08-FBI-002451;

h.      A 2008 Cadillac Escalade SUV, VIN: 1GYFK66838R153834, registered in the name of AMS Surety Holdings Corporation; Asset ID No. 08-FBI-002463;

I.      Miscellaneous Computer Equipment seized by the Federal Bureau of Investigation on April 9, 2008 from 8840 Stanford Boulevard, Suite 4000, Columbia, Maryland, Asset ID No. 08-FBI-002962;

j.      Miscellaneous Computer Equipment seized by the Federal Bureau of Investigation on April 9, 2008 from 8840 Stanford Blvd., Suite 4300, Columbia, Maryland, Asset ID No. 08-FBI-002964;

k.      Funds in the amount of $18,300.67 representing funds seized from Bank of America account number 004465110201, held in the name of Ray Miller, Asset ID No. 08-FBI-002462;

l.      Funds in the amount of $2,537.16 representing funds seized from Bank of America account number 004465113127, held in the name of First Florida Captive Holdings Corporation, Asset ID No. 08-FBI-002459;

m.      Funds in the amount of $185,275.64 representing funds seized from Bank of America account number 004465179598, held in the name of First Florida Captive Holdings Corporation, d/b/a AMS-AMER MGMT Systems or AMS Surety Holdings, Asset ID No. 08-FBI-002458;

n.      Funds in the amount of $23,668.91 representing funds seized from Bank of America account number 446000606440, held in the name of First Florida Captive Holdings Corporation, Asset ID No. 08-FBI-002460;

9

o.  Funds in the amount of $4,844.70 representing funds seized from Citibank account number 24125959, held in the name of First Florida Captive Holdings Corp., d/b/a American Management Systems, d/b/a AMS Surety Holdings, Asset ID No. 08-FBI-002457;

p.  Funds in the amount of $277,292.97 representing funds from Citibank account number 24126003, held in the name of AMS Surety Holdings, Corp. d/b/a American Management Systems, Asset ID No. 08-FBI-002456;

q.  Funds in the amount of $30,878.70 representing funds seized from Citibank account number 9104734480, held in the name of William Ray Miller and Bonnie Pauza-Miller, Asset ID No. 08-FBI-002452;

r.  Funds in the amount of $28,950.59 representing funds seized from Citibank account number 9104734499, held in the name of William Ray Miller and Bonnie Pauza-Miller, Asset ID No. 08-FBI-002455;

s.  Funds in the amount of $17,665.76 representing funds seized from Citibank account number 9104246516, held in the name of AMS Surety Holdings Corporation, Asset ID No. 08-FBI-002454;

t.  Funds in the amount of $44.74 representing funds seized from Citibank account number 9104226013, held in the name of AMS Surety Holdings Corporation, Asset ID No. 08-FBI-002453;

u.  Funds in the amount of $3,752.07 representing funds seized from Columbia Bank account number 647782801, held in the name of Luna Sea Grille, Inc., trading as Riverhill Sports Grille, Asset ID No. 08-FBI-003730;

v.  Funds in the amount of $51,272.07 representing funds seized from Wachovia Bank account number 1010070171411, held in the name of Bonnie Lyn Pauza-Miller, Asset ID No. 08-FBI-003804; and

w.  All right, title and interest of the defendant in proceeds, obtained as a result of the offense in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 1343, which he provided to third parties.

3.  If any of the property described above, as a result of any act or omission of the defendant:

10

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28 U.S.C. § 2461(c).

A. BRIAN ALBRITTON
United States Attorney

By:  RUSSELL C. STODDARD
Assistant United States Attorney

By:  RONALD T. HENRY
Assistant United States Attorney
Chief, Jacksonville Division