**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.

WILLIAM RAYMOND MILLER, II
a/k/a Ray Miller

3:08-cr-411-J-34TEM

_____

**O R D E R**

**THIS CAUSE** is before the Court on two motions concerning counsel for the Defendant. Lloyd L. Vipperman, Jr., Esq., has filed a Motion to Withdraw as Counsel of Record (Doc. #262, Counsel's Motion), indicating he has completed his work on the case and the Defendant has asked him to file a motion to withdraw. Defendant also filed a Motion Requesting Immediate Removal of Counsel From Case (Doc. #259, Defendant's Motion), in which he asks to be permitted to proceed *pro se.*

Upon review of the motions and the record, the Court sees no reason that Counsel's Motion (Doc. #262) should not be granted. It appears that Mr. Vipperman was retained for post-conviction proceedings in the District Court (*see, e.g.,* Docs. #159 and #259). Separate counsel (Kenneth W. Sukhia, Esq.) was retained for appellate proceedings. *See* decisions in Eleventh Circuit Court of Appeals, Case No. 09-13285, slip op. issued June 30, 2011; Case No. 10-12969, slip op. issued June 30, 2011; Case No. 11-10180-G, non published orders issued March 3, 2011 and April 18, 2011.

Defendant's Motion (Doc. #259), however, was filed while Mr. Vipperman was still counsel of record. Defendant has been cautioned numerous times in this case that Local

Rule 2.03(d) prohibits a party from acting in proper person rather than through counsel (*see, e.g.*, Docs. #76, #186, #239). The Court also notes that in his motion, Defendant asks that counsel of record be removed and that there be "no counsel at this time - permitting Miller to proceed *pro se*" (Doc. #259 at 2). Defendant is again cautioned that he may not act in proper person when he is represented by legal counsel. Although Mr. Vipperman's withdrawal will leave Defendant without counsel in the District Court, this Order **has no effect on Defendant's appellate counsel**. To the extent the Eleventh Circuit has not issued a mandate in the appellate cases listed above, the Court's Order shall not affect the ability of appellate counsel to file any appropriate motions and act on Defendant's behalf.

Thus, Counsel's Motion seeking withdrawal from representation of Defendant (Doc. #262) is **GRANTED**. Defendant's Motion (Doc. #259) is **stricken from the official record** in this case; as in other instances, the electronic image may remain.

**DONE AND ORDERED** at Jacksonville, Florida this 21st day of July, 2011.

Copies to all counsel of record
and *pro se* parties, if any

THOMAS E. MORRIS
United States Magistrate Judge

2